IN RE EWING.

(No. V84-39931—Decided May 4, 1987.)

Court of Claims of Ohio,
Victims of Crime Division.

*Anthony J. Celebrezze, Jr.,* attorney general, and *David I. Jaffe,* for appellant.

CLINE, J. On April 23, 1985, the single commissioner issued an opinion and order wherein he granted the applicant an award of reparations in the amount of $2,910.64. On May 2, 1985, the Attorney General timely filed a notice of appeal from the April 23, 1985 determination. The Attorney General's appeal was heard before a panel of three commissioners on September 4, 1985, at which time the applicant appeared without counsel. The panel affirmed the order of the single commissioner on October 28, 1985. The Attorney General appealed the panel's order, and the appeal was heard on July 16, 1986. For the reasons which follow, I find upon the record and evidence that the decision of the commissioners is reasonable and lawful and I hereby affirm the same.

The evidence shows the applicant had been threatened by the offender in the past. On the night of the conduct which is the basis of this claim, the applicant and the offender engaged in a verbal argument outside the Eastwood Grill located in Akron. The evidence shows the offender threatened him again and, as a result thereof, the applicant slapped the offender.

The parties voluntarily separated and the applicant then walked back to the bar. The evidence indicates that the offender thereafter used his vehicle as a weapon, striking the applicant and causing the injuries which serve as the basis for this claim.

The Attorney General contends that the panel of commissioners erred in allowing the applicant's claim for work loss, arguing that this claim

should be denied pursuant to R.C. 2743.60(F), based on the applicant's alleged contributory misconduct. He asserts that the applicant's actions of slapping the offender caused the criminally injurious conduct. I disagree with such an interpretation of the facts.

The panel of commissioners quoted the single commissioner's opinion at 3:

"The test for causation under R.C. 2743.51(M) is foreseeability. *In re Haas,* V77-0797, jud (4-9-79). I find from the evidence before me that the offender's conduct was not foreseeable; that a reasonable and prudent man would not expect to be run down by an automobile based upon one slap to the face and an apparent cessation of any further contact. Even if the victim's conduct was arguably tortious, it was de minimus [*sic*]."

The Attorney General argues that R.C. 2743.51(M), because it defines "contributory misconduct" as being "without regard to the conduct's proximity in time or space to the criminally injurious conduct," means there is no element of foreseeability in the present definition of contributory misconduct. Such an analysis ignores the remainder of R.C. 2743.51(M), which requires contributory misconduct to "[have] a causal relationship to the criminally injurious conduct * * *."

I find the concept of a "causal relationship" must include some element of foreseeability. "Cause" has been defined as " 'the sum total of the contingencies of every description which,

being realized, the event invariably follows.' " (Emphasis added.) *Burns* v. *Eminger* (1929), 87 Mont. 397, 408, 276 P. 437, 442. Some predictability, whether based upon scientific knowledge or a common-sense appraisal of human behavior, must be an ingredient of causation; hence, foreseeability is an inherent element of causation.

Furthermore, under the facts of this claim, because of the evidence regarding past and continuing animosity of the offender towards the applicant, it is as reasonable to conclude the offender's actions resulted, at least in large part, from his historical dislike for the applicant, as it is to conclude they were "caused" by a slap to the face. It is certainly not unreasonable for the panel to reach this conclusion, and R.C. 2743.61(A) sets reasonableness and lawfulness as the standards for review on appeal to a judge.

Therefore, I agree with the panel of commissioners' analysis and find the applicant did not engage in "contributory misconduct" within the meaning of R.C. 2743.51(M), and his claim is thus not barred by the provisions of R.C. 2743.60(F).

The opinion and order of the panel of commissioners properly states the issues and interprets the law, and is affirmed.

Accordingly, the applicant shall be granted an award of reparations in the amount of $2,910.64.

*Order affirmed.*