IN RE JONES.

(No. V86-39326—Decided August 22, 1988.)

Court of Claims of Ohio, Victims of Crime Division.

*Mary Ann Rabin* and *Anthony J. Gemmato, Jr.,* for the applicant.

16

*Anthony J. Celebrezze, Jr.,* attorney general, and *Marie Charvat,* for the state of Ohio.

LEACH, J. On April 22, 1988, a three-commissioner panel issued an order which affirmed the decision of the single commissioner. The single commissioner had found that the decedent, Lavonna D. Jones, engaged in contributory misconduct at the time of the applicable incident and thus denied the claim pursuant to R.C. 2743.60(F). The applicant has appealed the decision rendered below and the claim is, thus, before the court for final review.

The record indicates that additional evidence was not presented to the panel by either party; therefore, the panel reviewed the same information that was before the single commissioner.

The record reflects that on February 19, 1986, the deceased and Johnnie Mae Oliver engaged in a discussion concerning their attributes as parents. The decedent made the comment that she knew the whereabouts of her (decedent's) children, but that Oliver lacked such knowledge concerning her (Oliver's) daughter. After a heated argument, the decedent pushed Oliver and a physical altercation ensued. Oliver then left the area, but quickly returned brandishing a firearm; Oliver then confronted the decedent, pointing the firearm at her. The decedent made a comment and Oliver immediately shot the decedent in the head causing her demise.

The Attorney General contends that the decedent's actions constituted contributory misconduct. R.C. 2743.51(M) states as follows:

" 'Contributory misconduct' means any conduct of the claimant or of the victim through whom the claimant claims an award of reparations that is unlawful or intentionally tortious and that, without regard to the conduct's proximity in time or space to the criminally injurious conduct, has a causal relationship to the criminally injurious conduct that is the basis of the claim."

The Attorney General relied on *In re Bieri* (May 10, 1983), Court of Claims No. V80-36295 jud, unreported, to bolster his position. In said claim, Judge Baynes of this court found, based on the particular facts, that the applicant's conduct constituted "contributory misconduct" as a matter of law and reversed the panel, which had granted an award. In *Bieri,* the court held as follows:

"The rule of law to be applied is: when a 'victim' challenges another, or the 'victim' accepts the challenge of another, to engage in a physical encounter, or voluntarily participates in a multi-person fracas, wherein either one or both or any of the parties receive[s] physical injuries, whether by fair or foul means, such 'victim's' conduct constitutes 'contributory misconduct' as a matter of law. Neither such 'victim,' [n]or anyone claiming through him, is entitled to an award of reparations from the Victim[s] of Crimes Fund."

The single commissioner and the panel incorporated *Bieri* in their decisions in finding contributory misconduct in the instant case.

In this regard, however, the court is mindful of a recent decision with facts similar to those in the case *sub judice.* In *In re Ewing* (1987), 33 Ohio Misc. 2d 48, 515 N.E. 2d 666, Judge Cline of this court affirmed the decision of the panel, granting an award of reparations. In *Ewing,* the offender threatened the applicant and the applicant slapped the offender. The parties separated; the offender subsequently used his vehicle as a weapon, striking the applicant and causing injuries. The court stated that an element of contributory misconduct is foreseeability. The

panel had concluded that the applicant could not have possibly foreseen such a violent retaliation from a slap and, thus, the applicant's action was not considered contributory misconduct. The court, in consideration of the standard of review set forth in R.C. 2743.61(A), found that the panel's analysis was reasonable and thus affirmed the decision.

In the case at bar, I am also constrained by the standard enunciated in R.C. 2743.61. In this regard, R.C. 2743.61(A) states, in pertinent part, the following:

"* * * If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is *reasonable and lawful,* it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon." (Emphasis added.)

The issue of whether certain actions constitute contributory misconduct is for the finder of fact, *i.e.,* the panel of commissioners, upon consideration of the evidence presented. It is my opinion that whether a prudent, reasonable man would or would not expect retaliation in a violent manner, as in this claim, is a question to be determined based on the evidence and testimony offered. Although I agree with the judgment in *Ewing* and concur that a causal relationship must include some element of foreseeability, I respectfully suggest that this court reached the appellate parameters of review in order to affirm the panel's determination.

It has been held that, except for certain situations described in R.C. 2743.60(F), the Attorney General has the burden to prove the applicant's actions constitute contributory misconduct. *In re Williams* (Mar. 21, 1979),

Court of Claims No. V77-0739 jud, unreported. In the instant case, the panel considered the evidence and found that the Attorney General had met this burden. I have reviewed the record and evidence and find that there is no basis to conclude that the panel's affirmation of the single commissioner was unreasonable or unlawful; the decision was not against the manifest weight of the evidence or contrary to law.

In view of the above findings, the panel's decision is hereby affirmed.

*Order affirmed.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.