[Cite as *In re Wodzinski*, 2010-Ohio-6709.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: TIMOTHY H. WODZINSKI

TIMOTHY H. WODZINSKI

Applicant

Case No. V2008-31011

Commissioners:
Karl C. Kerschner, Presiding
Thomas H. Bainbridge
Lloyd Pierre-Louis

ORDER OF A THREE
COMMISSIONER PANEL

{1}On June 10, 2008, the applicant, Timothy Wodzinski, filed a compensation application as the result of an altercation which took place on April 22, 2008. On July 21, 2008, the Attorney General issued a finding of fact and decision denying the applicant's claim since the applicant engaged in substantial contributory misconduct. The Attorney General contended that the applicant voluntarily engaged in a physical altercation which resulted in applicant's conviction of disorderly conduct. On October 1, 2008, the applicant submitted a request for reconsideration. On December 11, 2008, the Attorney General issued a Final Decision finding no reason to modify its initial decision. On December 18, 2008, the applicant filed a notice of appeal from the December 11, 2008 Final Decision of the Attorney General. Thereafter, a hearing was held before this panel of commissioners on December 2, 2009 at 10:40 A.M.

{2}The applicant, Timothy Wodzinski, and his attorney, Michael Falleur, appeared at the hearing. Assistant Attorney General Lyndsay Nash represented the state of Ohio.

{3}The only issue on appeal in this matter is whether the applicant engaged in contributory misconduct at the time of the criminally injurious conduct and, if so, whether it was substantial enough to bar him from receiving an award of reparations.

{4}Following opening statements, the applicant, Timothy Wodzinski, took the witness stand.  The applicant related his work experience with McMaster-Carr.  He indicated he worked with the offender Chris Lombardo from the beginning of his tenure with McMaster-Carr.  Approximately four to five years ago they were assigned to the Returns Department.  Mr. Wodzinski stated he complained about Mr. Lombardo's behavior on the job numerous times over the course of their employment together.  After review of personnel records, the witness realized that other employees were experiencing similar difficulties with Chris Lombardo.  The applicant's attention was then directed to April 22, the day of the incident.

{5}Mr. Wodzinski related that the offender approached him during the morning break and indicated they needed to talk.  However, the offender wanted to have a conversation off the premises.  They agreed to meet after work at Sunny Lake Park.  The applicant believed this would be an opportunity to resolve past differences.  He took the offender at his word.   The applicant testified that as he drove into the park, and before his vehicle had come to a complete stop, the offender reached through his car window and attacked him.   The applicant was surprised by the attack which he claimed he had not foreseen.  Applicant's Exhibit 1, a photo of the applicant's vehicle was introduced.   The applicant contended that the attack happened so quickly he was unprepared for the aggressive actions of the offender and was in fear of his life.  Furthermore, the applicant  related although he had a strained relationship with the offender throughout the years, they had never engaged in a physical altercation.  The applicant testified that the damage to his vehicle was caused by the offender throwing him against the vehicle.  Mr. Wodzinski revealed that the altercation was terminated when he "flashed" the offender a box cutter he had in his pocket.   He had inadvertently felt the box cutter in his pocket when he fell to the ground during the altercation and did not arm himself prior to his meeting with the offender.  He concluded his testimony concerning the altercation by stating he had no reason to believe that he would be

assaulted if he went to the park to meet the offender, nor could he have foreseen the offender's true intentions when they arranged the meeting.

{6}Upon cross-examination, the applicant conceded he was charged with disorderly conduct. He also stated he pled no contest to this charge. Whereupon, the applicant's testimony was concluded.

{7}The applicant's position is that the fight was not foreseeable. At best it was a mistake in judgment to meet the offender off the employer's premises. The applicant contends that his actions on the day of the incident do not constitute contributory misconduct. However, applicant acknowledged if the panel is troubled by the no contest plea to disorderly conduct and the presence of the box cutter, a minimal reduction may be warranted.

{8}The Attorney General asserts that the facts in this case support the conclusion that the applicant engaged in substantial contributory misconduct which should result in the complete denial of this claim. Whereupon, the hearing was concluded.

{9}R.C. 2743.51(M) states:

"(M) 'Contributory misconduct' means any conduct of the claimant or of the victim through whom the claimant claims an award of reparations that is unlawful or intentionally tortious and that, without regard to the conduct's proximity in time or space to the criminally injurious conduct, has a causal relationship to the criminally injurious conduct that is the basis of the claim."

{10}R.C. 2743.60(F) states:

"(F) In determining whether to make an award of reparations pursuant to this section, the attorney general or panel of commissioners shall consider whether

there was contributory misconduct by the victim or the claimant. The attorney general, a panel of commissioners, or a judge of the court of claims shall reduce an award of reparations or deny a claim for an award of reparations to the extent it is determined to be reasonable because of the contributory misconduct of the claimant or the victim."

{11}Under Ohio law, when determining if the unlawful or intentionally tortious conduct of the victim was causally related to the criminally injurious conduct, foreseeability is a necessary element.  *In re Ewing* (1987), 33 Ohio Misc. 2d 48.  For an award of reparations to be denied, rather than reduced on the basis of contributory misconduct, there must be a showing that the contributory misconduct was substantial.  *In re Spaulding* (1991), 63 Ohio Misc. 2d 39.  To determine whether the victim engaged in substantial contributory misconduct the following considerations should be evaluated based upon the specific facts of the incident:

{12}1)   Age and corresponding mental capacity of the victim;

{13}2)   The victim's familiarity/relationship with the offender;

{14}3)   The victim's *mens rea*;

{15}4)    Whether the victim suffered from diminished capacity due to intoxication or other mitigating factors;

{16}5)   Whether the victim suffered a disproportionate level of harm compared to the victim's level of misconduct;

{17}6)   Whether the victim's degree of misconduct was a *de minimus* or substantial violation of the law; and

{18}7)   Whether granting an award would violate the public policy of the Victims of Crime Compensation Act.  *In re Kempton*, V2006-20640tc (4-2-07), 2007-Ohio-2929.

{19}From review of the file and with full and careful consideration given to the information and testimony presented at the hearing, we find the applicant engaged in contributory misconduct as defined in R.C. 2743.51(M), thus warranting a minimal reduction. After review of the statements submitted by the applicant from Pam Pastva, Felicia Battle, Doug Hampton, Todd Auldridge, and the applicant's own statements to his employer and the police, it is clear there was a history of bad feelings between the applicant and the offender. The applicant testified that he and his fellow employees had complained to management about Chris Lombardo's behavior on numerous occasions. Accordingly, we believe applicant met with Mr. Lombardo in good faith, though it was foreseeable that the possibility of a physical altercation existed when an off-premises meeting was arranged by the parties.

{20}There can be no question concerning the applicant engaging in unlawful conduct since he pled no contest to the charge of disorderly conduct. Therefore, we find the applicant engaged in contributory misconduct at the time he was injured.

{21}The only question that remains is whether the applicant engaged in substantial contributory misconduct which would result in a complete denial of his claim. For assistance we are guided by the considerations contained in the *Kempton* case. The Attorney General failed to present substantial and persuasive evidence which contradicted the applicant's version of events. The applicant and the offender had a long-term working relationship which for the most part could be characterized as strained, although no evidence was presented showing any previous violent confrontation occurred between the parties. The applicant sustained contusions and abrasions to the face and a left ankle sprain. Chris Lombardo related to police that he was punched by the applicant and sustained abrasions to his face, but these statements were not corroborated by any witness statements. Chris Lombardo was approximately 11 years younger, three inches taller and ten pounds heavier than the applicant. Finally, the applicant admitted "flashing" a box cutter he had in his possession at the offender to terminate the fight. However, no evidence exits to show the applicant had

planned to carry the box cutter to the meeting for self protection or that he used the box cutter to harm Mr. Lombardo.   We believe the applicant became aware the box cutter was in his possession only after he was initially assaulted by the offender.   Finally, the Attorney General presented no testimony which contradicted or called the veracity of the applicant into question.   We find based on the specific facts set forth above the applicant's misconduct was not substantial.   However, we further find that the applicant's award should be reduced by 10 percent, because while the applicant maintains he in good faith wanted to meet and reconcile with Mr. Lombardo, it was somewhat foreseeable an altercation could have occurred, though not to the extent or direction which actually culminated from their meeting.   Therefore, the December 11, 2008 decision of the Attorney General is modified.

IT IS THEREFORE ORDERED THAT

{22}1)   Applicant's Exhibit 1 is admitted into evidence;

{23}2)   The December 11, 2008 decision of the Attorney General is MODIFIED to find that although the applicant engaged in contributory misconduct, it was not substantial, and that an award should be GRANTED but reduced by 10 percent;

{24}3)   This claim is remanded to the Attorney General for calculation of economic loss and payment in accordance with this decision;

{25}4)   This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{26}5)   Costs are assumed by the court of claims victims of crime fund.


_____
KARL C. KERSCHNER
Presiding Commissioner


_____
THOMAS H. BAINBRIDGE
Commissioner


_____
LLOYD PIERRE-LOUIS
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2010\Jan - Aug 2010\V2008-31011.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 3-12-10
Jr. Vol. 2275, Pgs. 14-20
Sent to S.C. Reporter 10-6-11